Tilgiiman C. J.
This is an action of debt on a bond, brought by Nathaniel Nexvlin, the defendant in error, against the executors of Thomas Newlin, the plaintiff in error,* in the Court of Common Pleas of Delaware county. On the trial of the cause, the defendants produced Thomas Speakman as a witness, who was objected to by the' plaintiff, as incompetent on account of his wife’s interest in the estate of Thomas Newlin. The defendants, at the time that they produced the witness, offered in evidence a release of himself and his wife of all their interest in the estate of the said Newlin.' The court rejected the witness, and the defendants excepted to their opinion. On the argument in this court,*it was contended by the counsel for the defendant in error, that it did not appear on the record, that any evidence was given of the execution of the release, and therefore the interest of the witr ness was not removed. But in this I think the counsel are mistaken, for it is not stated that any objection was made to the reading of-the deed of release. The objection is confined: to the testimony of Speakman, who is alleged to be incompetent, in consequence of an interest vested in his wife under the will of the defendant’s testator. It appears, therefore, that the release must have been read by the court, and whether its execution wa$ preved or admitted is immaterial. *278 This preliminary question being disposed of, I shall proceed to the consideration of the real ground of controversy, that is to say, whether the release had such an operation as to remove the interest of Thomas Speakmari’s wife, for it is confessed by the counsel for the plaintiff in error, that when the wife is interested, the husband cannot be a witness. Edith, the wife of Thomas Speakman, was the daughter of Thomas: Newlin, the defendant’s testator, and her interest under the will of her father, is derived as .follows: — The testator directs certain trustees, named in his will, to receive th.e rents and profits of certain parts of his real estate, until the .sum of $2000 shall be raised, clear of all expenses, of repairs, taxes, &c. “ which said $2000 shall be by them put out to interest “on.land security, and the interest thereof shall be paid by “my said trustees annually, to my daughter Edith Speakman, “ tvhose receipts shall be their sufficient discharge, for her ozvn “ separate use and benefit, whether sole or married, for ¿and “ during the term of her natural life, and at her decease the “ said principal sum of $2000 shall be equally divided among “ all her children.”
In remarking on the release, the counsel for the defendant in error contended, 1st, that Mrs. Speakman had no power to make a release. 2d. That if she had, this release was void for want of proper parties.
In support of the first position, it was said that the consideration was but nominal (one dollar) ; that the object of the testator was to secure an .annuity for his child during life, and it would defeat his intention, if she were permitted even by her own act, to reduce herself to poverty; that trustees were introduced for the purpose of saving her from her own imprudence, and therefore they could not accept a release which destroyed the object for which they were appointed. But these objections, however plausible, are not well founded. For the object of the testator was to give his .daughter the absolute power over the annuity, free from her' husband’s controul, and not-subject to ,his creditors. This he supposed could not be effected without trustees, and therefore they Were appointed. The testator,- if he had thought proper, might have given the trustees some controul over the actions of his daughter, but he has not done- it, and therefore it is not to be supposed that he intended -,t.o d.o it. Her receipt is to be their discharge, and when received she might have *279 given the money to her husband, or paid his debts with it. It is well settled that this power may be vested in a married woman. The rule is thus laid down by Lord Hardwicke, in Grigby v. Cox, 1 Ves. 518, and Hearle v. Greenwood, 1 Ves. 303. “ Where any thing is settled to the wife’s separate use “ she is considered as a femé sole, and may appoint in what “ manner she pleases, and unless the joining of trustees with “ her, is made necessary, there is no occasion for it.” And in Allen v. Popworth, 1 Ves. 163, it is decided, that the wife having power to receive rents and profits of land to her separate use, and to appoint them as she pleases, may appoint in favour of her husband. It is said, that in the present instance she has been prevailed on by her husband to take a ruinous step, for no other purpose than to open the way for his testimony, and that he may have been actuated by corrupt motives. What his motives were, we cannot know, but it does not appear, that he has made use of deception, coercion, or undue influence. If it did, there might be ground for avoiding the release on that specific objection. It is very possible, however, that Mrs. Speakman may have thought, that she was consulting the interest of her children, if not her own, in giving up her annuity in order to .let in her husband’s evidence ; for the principal of the §2000 is to go after her death to her children. Supposing then that she had power to release her interest, it is to be inquired whether she has exercised this power in a legal manner. Her interest was in the nature of personal property. The trustees were to raise the money and put it out to interest, and Mrs. Speakman!s right was to the interest. She had nothing to do with the land, nor could any conveyance or release of her’s operate on the land. So that she is not subject to the provisions of the act of assembly prescribing the mode in which married women may dispose of their real estates. There was, therefore, no necessity for an acknowledgment and private examination before a magistrate. The only remaining objection is to the want of parties to accept the release. But if the case admits of a release, there can be no want of parties, for it extends not only to the trustees, but to the executors and residuary devisees of the testator. It cannot operate beneficially for the -trustees, but if the right of Mrs. Speakman is extinguished, the trustees will be accountable for the interest money to the persons who are entitled to it under the will of the testator; *280 Upon the whole of this case I am of opinion, that the interest of .the wife was released, and therefore the husband was a competent.witness. The judgment must therefore be reversed, and a venire facias de novo awarded.
Yeates J.
Edith Speahnan had such an interest in the event of this cause, as would exclude her husband on general principles of policy from being a witness. If the defendant in error recovers in the suit, the lands out of which her annuity arises would be charged with the lien of his judgment. If he miscarries, these lands would be no longer liable.
The release offered to the court to show the. competency of Thomas Speahnan, I consider as admitted by the bill of exceptions to have been regularly executed as it appears in the bill of exceptions, but not acknowledged. If any doubt ■existed on this matter at the trial, it was incumbent on the adverse party to require proof of the execution of the paper by the husband and wife. Failing so to do, it would be a complete surprise' on the plaintiffs in error, now to insist on the defect of proof.
What then is the legal operation of this instrument ? As to the trustees, the court would not construe it as vesting any beneficial interest in them, because this would be repugnant to the very nature of their trust;; but as to the .residuary legatees it might well operate beneficially during the life of the annuitant. And it was the duty of the executors to resist every claim against the estate of the testator which they thought ill-founded.
The great objection offered against the release is, that Edith Speahnan has under the will the bare power of receiving the annual interest on 2000 dollars, to be raised out of the rents and profits of the lands devised for that purpose, for her own separate use and benefit, without, any power of appointment, or general management, or controul over the funds; and further, that this.being an interest arising out of lands for the benefit of the wife, she should have been examined separate, and apart from her husband, agreeably to the provisions of the act of assembly respecting the deeds of feme coverts, in order to give validity to the release. '
But to the lands Edith had no pretensions, nor was she au'thorised in the slightest degree to intermeddle with the rents and profits. The trustees were to raise 2000 dollars there- *281 out, to serve as a principal to pay her the annual interest, and when thus raised it becomes personalty; the interest thereof; being subjected to her controul and disposition in the same manner as if she was unmarried. The cases citedby the counsel for the plaintiff in error, fully show that courts of equity consider a feme covert to be sui juris as to her separate estate, without the intervention of her trustees; and the will of the testator here directs, that his daughter Edith should receive the yearly interest for her own and separate use, whether sole or married. If she was single, I presume no difficulty could occur as to her dominion over the interest, and being placed in the same situation by the donor, I see no reason why she may not by her voluntary act bar herself of all demands under the will. I apprehend she has done so in the present instance, and that the impediment against her husband’s testimony being thus removed, he ought to have been admitted as a witness. I am, therefore, of opinion, that the judgment of the Court of Common Pleas of Delaware county be reversed, and a new trial awarded.
Brackenridge J. differed from the rest of the Court,but gave no written opinion.
Judgment reversed, and a venire de novo awarded.