NEW-YORK,
May, 1829.

Bagley
v.
Osborn.

---

## BAGLEY *vs.* OSBORN.

MOTION to set aside report of referees. The plaintiff proved two promissory notes given by the defendant for $200 and $1000. The defendant offered to prove that the notes were delivered to a third person, under an agreement that the $200 note should be paid by the defendant in drafts to be made on him by the plaintiff from time to time, and that the payment of the $1000 note should depend upon the result of certain contracts made by the parties whilst partners with certain merchants in the city of New-York : if the share of the profits of those contracts did not amount to that sum, a deduction should be made ; and if the plaintiff's share of the loss was equal to the amount of the note, nothing should be paid ; and that upon one contract alone the plaintiff's share of the loss was about equal to the amount of the note. The terms upon which the notes were delivered, he offered to shew by one Abijah Stone. The plaintiff, the defendant and Stone had been partners in the tanning business, the plaintiff being interested one half, and the other parties each one quarter in the concern. The business was carried on in the name of " Bennet Osborn," the defendant in this cause. In December, 1825, the defendant agreed to purchase the interest of the plaintiff in the concern, and give him $1500 for the same. Arrangements were accordingly made between them for the payment of the same. The defendant assumed the payment of $300, gave one note for $200 payable in 90 days, and another for $1000 payable in eight months ; and the plaintiff gave a writing to the defendant, acknowledging

A release by one to the other of two parties jointly liable to the payment of a sum of money, and in a case where contribution might be enforced by one against the other, renders the party released a competent witness for the releasor or in a suit against him alone by the creditor, although without such release the witness would be directly interested in the event of the suit.

NEW-YORK,
May, 1829.

Bagley
v.
Osborn.

the receipt of $1500 in full of all his right and title in the concern, and promising to execute a quit-claim deed. The notes and receipt were delivered to Abijah Stone. It appeared that before the commencement of this suit, a quit-claim deed, executed by the plaintiff to the defendant, was tendered to the defendant, and the notes demanded. The plaintiff called witnesses to prove the interest of Stone, who testified that the parties, previous to the sale by the plaintiff to the defendant, were interested in the concern as above stated ; that after the sale, the defendant and Stone continued to manage the business, and had each stated that they were partners in the tanning business ; and one witness testified that Stone had stated that he and the defendant were concerned in all their business ; and that the defendant, in answer to an inquiry of the witness, had said that he supposed it was so. The declarations of Stone were objected to by the defendant, but received by the referees, who decided that he was an incompetent witness. Mutual releases were then executed between the defendant and Stone : the defendant released Stone from all claims and demands which he might have against him arising or growing out of the claims or demands of the plaintiff, or any recovery which the plaintiff might obtain in the suit then pending, and from all claims for the costs of defending the same ; and Stone released the defendant from all liability to him on account of the suit against the defendant, or any thing in or concerning the same, or the final result or determination of the same, and released and *assigned* to the defendant all right or interest which he might have had or then had in the share or right in the tanning business which formerly belonged to the plaintiff and was carried on by the parties. The referees still refused to admit Stone as a witness. Testimony was then received of payments made to the defendant, and the referees made a report in favor of the plaintiff of $1099 26.

Application was made to set aside the report for the error of the referees in excluding the testimony of Stone, and on the ground of newly discovered evidence ; the facts and arguments in relation to which last point are not stated, as the decision of the court is confined to the first ground.

*J. Powers*, for defendant. Stone was a competent witness when released. (*Peake*, 155, 170. 1 *Esp. Cas. N. P.* 19. 5 *Cowen*, 160. 6 *id.* 373. 2 *Bingham*, 133. 9 *Serg. & Rawle*, 382.) By suing the defendant alone, and not the defendant and the witness jointly, allowing there was a joint responsibility, the plaintiff waived or relinquished his remedy against Stone, both at law and in equity. (18 *Johns. R.* 476. 4 *Johns. C. R.* 569. 1 *Peters*, 321.)

*E. Williams*, for the plaintiff. Stone was a partner of the defendant, and therefore directly interested in the event of the suit. If the plaintiff recovers, the defendant is bound to contribute. If a balance had been certified in favor of the defendant, the witness might have claimed distribution.

Parties to the record cannot be witnesses, though only *nominal* parties, as trustees or executors. That a party in *interest* shall not be a witness, necessarily results from the rule that a party to a suit cannot be a witness. Can it be that disinterested witnesses can be manufactured out of parties in interest by the process of releases ? There are interests which cannot be got rid of in this way ; the policy of the law will not permit it. (2 *Johns. R.* 170. 14 *id.* 146. *Gilb. Ev.* 243, 240.) A witness who is bound by every obligation of honor and honesty to participate with a defendant in case of the disastrous result of a suit, should not be allowed to testify although released. The court will presume that a witness thus released will surrender his release immediately after the trial. A sale of the joint property of the firm by a dissolution of the partnership, might injuriously affect the interests of the witness.

*S. Sherwood*, in reply. This is not like the case of 2 *Johns.* 17 ; there the interest of the witness was such that he could not release ; his release was totally inoperative. In the case of 14 *Johns.* 146, the witness was excluded because he was directly interested, notwithstanding his release. That an interest like the present may be released is fully established by authority. (*Gow on Part.* 245, 255. 4 *Johns. C. R.* 526. 2 *id.* 549.) The objection that the release may be surren-

NEW-YORK,
May, 1829.

Bagley
v.
Osborn.

dered after the trial, applies to every case where a witness is rendered competent by the execution of a release, and if allowed, would totally destroy the doctrine of releases by witnesses.

*By the Court*, MARCY, J.    I have great doubts whether such an interest was shewn to exist in Stone as rendered him an incompetent witness, even if no releases had been interchanged between him and the defendant.    The acknowledgments of Stone, (which should not have been received,) and those of the defendant, were proved to shew the interest of the former.    They had several times stated, after the plaintiff had sold his share, that they were partners in the tanning business.    This fact was no evidence of an interest in the subject matter of the suit.    The partnership might exist without Stone's being a party to the sale of the plaintiff's share in the concern.    Before this sale, he was interested in the business to the amount of one fourth ; and even if his share was enlarged, (a fact which was not proved,) it might well have happened without creating any responsibility on his part arising from the sale of Bagley's interest in the co-partnership.    The execution of the papers in relation to this sale in the name of the defendant alone ; the making Stone the depositary of them ; the tendering of a quit-claim deed, given in pursuance of the purchase, executed to Bennet Osborn, and not to Osborn and Stone, to whom it is now alleged the sale was made under the firm of Bennet Osborn, are circumstances very strong to shew that the plaintiff sold his share in the tannery to Bennet Osborn individually, and not to Stone and Osborn, under the name of Bennet Osborn ; and the declaration and acknowledgments proved are not incompatible with this fact.    That Stone was jointly concerned in the purchase, appears to me to be a mere suggestion, unsupported by proof, and it should not have been listened to by the referees.    (1 *Esp.* 19, 20.)

But, assuming that Stone was a party to the contract pursuant to which the notes were given, the interest which he had in the event of the suit was reached and removed by the releases.    The plaintiff, by proceeding against Osborn and recovering a judgment against him, would be precluded

from a resort to Stone, who would be discharged from all liability to the plaintiff, even if he had united with the defendant in giving the notes. This principle is clearly established in the case of *Robertson* v. *Smith and others*, (18 *Johns. R.* 459.) It is a necessary consequence of this doctrine that the partnership property, as such, would not be liable on the execution to satisfy the judgment which might be recovered against the defendant. Allowing, therefore, the demand for which the suit was brought was really due from the defendant and Stone, and that Stone would have been liable to contribute to the defendant one half of the damages and costs, which might be recovered against him, and that thus he was directly interested before the release in reducing the amount of the plaintiff's recovery, the release of the defendant removed this interest. The judgment could not have been satisfied out of his property, and he was discharged from all liability to contribute.

It was urged, on the part of the plaintiff, that Stone was still interested notwithstanding the release, because an execution on the judgment recovered in the suit against the defendant might be levied on the joint property, and the defendant's right and share therein sold. This objection does not appear to me to be well founded. If such a result constituted a disqualifying interest, every man who holds property jointly with a defendant would be an incompetent witness for him, however disconnected he might be with the transaction on which the suit was brought. Because the property in which he had a joint interest with the defendant, to the extent of the defendant's right in it, after satisfying the partnership claims, might be seized to satisfy any judgment which should be recovered against the defendant, it is not an objection to the competency of a witness. Such objection does not appear to me to be well founded in reason, nor can I find that it has been recognized by authority.

I am therefore of opinion that the report of the referees in this case ought to be set aside, on the ground of the improper exclusion of Stone as a witness. This decision renders it unnecessary to examine the question as to the newly discovered evidence.

Motion granted.