1820.

PENNY
v.
MARTIN.

## S. & P. PENNY *against* MARTIN and others.

Where there is neither accident nor mistake, misrepresentation nor fraud, this Court has no jurisdiction to afford relief to a party, on the ground that he has lost his remedy at law, through mere *ignorance of a fact*, the knowledge of which might have been obtained by due diligence and inquiry, or by a bill of discovery.

As where the plaintiffs brought a suit at law against two persons, as partners in trade, under the firm of *R. & M.* and recovered a judgment, but for which they were unable to obtain satisfaction out of their joint property, or the separate property of *M.*, who was insolvent, the other partner not having been brought into Court, on the mesne process: and the plaintiffs, *afterwards*, discovered, for the first time, that *N.*, *L.* and *P.* three other persons, were *dormant* partners with *R. & M.*, and jointly interested together in the transaction, out of which the plaintiffs' right of action arose : *Held*, that this Court had no jurisdiction to afford relief against the dormant partners.

THE plaintiffs brought an action of *assumpsit* in the Supreme Court, against the defendants, *Roorbach* and *Mitchell*, for meal and corn sold to them, as partners. The *capias* was returned *taken* as to *Mitchell*, and not found as to *Roorbach*. A second *capias* was issued against *R.* to answer *simul cum M.* which was returned not found. The plaintiffs then proceeded against *M.*, under the act, (1 *N. R. L.* 515. *sess.* 36. *ch.* 56. *sec.* 13.) which declares, that when in a suit against joint debtors, all are not taken and brought into Court, the plaintiff shall have judgment and execution;

in the same manner as if all the defendants had been brought into Court; but that no execution shall be executed against the person, or the sole property of any one not brought into Court, and recovered a judgment for 563 dollars and 14 cents damages, and 47 dollars and 80 cents costs, which was docketted *Nov.* 1, 1819, and a *fi. fa.* issued thereon, to be levied of the joint property of *R. & M.*, and on the separate property of *M.* The execution was returned unsatisfied. The bill charged that *Mitchell* was insolvent, and that the plaintiffs could not proceed at law against the separate property of *R.* That on the 15th of *January* last, the plaintiffs first discovered that the defendants, *Norris L. Martin*, and *Samuel Lamb*, and *John Lamb*, were, at the time of the sale and delivery of the meal and corn to *R.* and *M.*, for the price of which the action of assumpsit was brought, partners of *R.* and *M.* in the trade and business, though the same was carried on in the names of *R.* and *M.*, and that the meal and corn were so purchased of the plaintiffs, for the joint account and benefit of all the defendants. That the said *N. M., S. L.* and *J. L.* refused to pay, &c. and the plaintiffs prayed relief, &c.

The defendants put in a *general demurrer* to the bill.

*Wells* and *G. W. Strong*, in support of the demurrer.

*Ely & M'Coun*, contra.

THE CHANCELLOR. The facts in this case are few and simple. The plaintiffs sued the defendants, *R.* and *M.*, as partners in *assumpsit*, at law, and *M.* only was taken. The suit was carried on, under the provision in the statute, against *M.*, who was taken, and judgment rendered against both *R.* and *M.*; and the remedy under it is limited by the statute to an execution against the joint property of both the defendants, and the separate property and person of the one taken. On issuing execution, it was found that there

1820.<br>~~~<br>PENNY<br>v.<br>MARTIN.

1820.

PENNY
v.
MARTIN.

was no joint property, and that *M.*, the defendant taken, was insolvent. Since that time, the plaintiffs have discovered that the other three defendants in this suit were partners with *R.* and *M.* in the contract sued at law ; and the question is, whether, upon these facts, the plaintiffs are entitled to the aid of this Court, to recover by its decree, their demand against the dormant partners.

There is no doubt that *R.*, who was not taken in the suit at law, can be sued upon the judgment which was rendered jointly against *M.* and *R.* This was settled by the Supreme Court in the case of *the Bank of Columbia* v. *Newcomb*, (6 *Johns. Rep.* 98.) and it was strongly intimated in that case, that the defendant not taken in the original suit, would be entitled to make any defence which he might have made in his distinct individual capacity, had he been arrested in the original suit. This conclusion can work no prejudice to the plaintiffs, and it would seem to follow from the plainest principles of justice. It is equally certain that the present defendants, who now join in the demurrer, might have been sued at law in the original action. The demand is on a contract, to which it is alleged they were parties, as being dormant partners with *R.* and *M.* The omission to make them parties in the action at law, arose, according to the allegation in the bill, from ignorance of the fact that they were such partners. Is that ignorance a sufficient ground for transferring to this Court, jurisdiction of a matter properly, if not exclusively, cognizable at law? The ignorance might have been removed by due vigilance and inquiry, and perhaps by the assistance of a bill of discovery here. The plaintiffs have no particular equity entitling them to relief. Ignorance, as Lord *Loughborough* said, is not mistake. They never inquired whether *R.* and *M.* had secret partners, and they gave the whole credit to them. If they have now got into embarrassment and difficulty, in respect to their legal remedy, by pursuing the ostensible partners at law, without such inquiry, I do

not know of any principle that will authorize this Court to take jurisdiction of a case where the remedy was, in the first instance, full and adequate at law, because the party may have lost that remedy by ignorance, founded on negligence, not on accident, or mistake, or on any misrepresentation or fraud. Generally speaking, a jurisdiction does not arise here from the mere circumstance that a party has omitted to make a proper case at law. There is no such head of equity jurisdiction. The general rule is, that if the party becomes remediless at law by negligence, he shall not be relieved in equity. He must show that he has been deprived of his legal remedy by accident, casualty, misfortune, &c. (1 *Fonb. Tr. b.* 1. *ch.* 3. *sec.* 3. §. 3.)

It is to be observed, that here are no special circumstances disclosed by the bill. We have only the naked fact, that the plaintiffs discovered, since the judgment at law, that the defendants were partners; but whether they were kept in ignorance by undue means, or took any previous steps to remove it, does not appear, and is not, therefore, to be presumed. Whether they have, or have not, lost their remedy at law, (and on which I give no opinion,) the demurrer must be pronounced to be well taken, and the bill dismissed, without costs.

Decree accordingly.

Note. After the above opinion was delivered, the Chancellor said, that he had seen the case of *Willings & Francis* v. *Consequa*, decided in the Circuit Court, for the third circuit of the *United States*, in 1816; (1 *Peter's Rep.* 301.) and that an opinion expressed in the course of the trial in that cause, happened to fall directly on the point decided in this case. That he noticed it the more readily, (though it was not as precise and certain as could have been wished) since he has not met with any other opinion or *dictum* that applied fully to the question. *Kuhn*, a dormant partner of *Willings & Francis*,

**1820.**

PENNY
v.
MARTIN.

was offered as a witness, and he was objected to as interested, because *W. & F.* had given a note to *Consequa*, on which they were sued, and a verdict rendered, and it was alleged, that if *C.* was not able to obtain satisfaction from them, he might afterwards sue *K.*, as a dormant partner. It was held by *Washington*, J. that a judgment on the note against *W. & F.*, would as completely extinguish the original debt, as if they had given a bond for it, and that if *C.* should bring an action against *K.*, separately, the latter might defeat it by a plea in abatement, and a judgment in favour of *C.*, would be a bar to any suit that he might bring against the three partners *W. F. & K.* The Judge then added, " but it is said, that though *Consequa* might have no remedy at law against *Kuhn*, he might be relieved in equity, by showing his ignorance that *K.* was a dormant partner when he took the note, or instituted the suit. I, by no means, admit that he could be relieved in that Court. It would still depend upon a variety of circumstances not known to this Court, whether *C.* could make out a case fit for equitable interposition. By his own showing, it is certain that he did not give credit to *K.*, and whether he knew that he was jointly concerned in that transaction or not, is unknown to this Court. It was in his power to have dismissed this suit, though, at the time it was brought, he may have been ignorant of the partnership, and have instituted another against all the partners, after he was informed who they were ; and his failing to do so, would indispose a. Court of equity to open its doors to him, after he had permitted those of a Court of law to be closed against him."(a)

(a) Vide, also, the case of *Robertson* v. *Smith*, (18 *Johns. Rep.* 459.) decided by the Supreme Court, in *January* term, 1821, in which the question came directly before the Court; and it was held, that the non-joinder of a partner could only be pleaded in abatement; and that where the plaintiff sued *A.* and *B.* as partners, and recovered a judgment against them; but discovering, afterwards, that *C.* and *D.*

were dormant partners, brought an action on the same contract
against all *four,* as partners, the judgment recovered against *A.* and *B.*
might be pleaded in bar to the second suit against the *four,* for the
same cause of action.