The opinion of the court was delivered by
Tilghman, C. J.
A joint and several obligation may be proceeded on, either as a joint or several contract, at the choice of the obligee. But having treated it as a joint contract, by commencing a joint action against both obligors, he is bound by his election, and cannot afterwards consider it as several. The plaintiffs have embarrassed themselves, therefore, by their first action, in which both obligors were sued jointly. And this embarrassment is not removed by the circumstance of one of the obligors not having been taken; for it was still a joint action, although, by along established practice in this state, the plaintiff suggesting in his declaration, that one of the defendants was not taken, may proceed to judgment against the other. In England, where one is not taken, the plaintiff must proceed to outlawry against him, before he can go on against the other. But having obtained judgment against the one who was taken, he never after can have a separate action against the other, on the same bond. In the present ease, after the joint action brought by the plaintiff, the bond is to be taken as joint, only, and can never after be proceeded on as a several obligation. Then, judgment being obtained against one of the obligors, the bond was merged as to him, and if he should after-wards be sued on the bond he might plead the merger in bar. So, if an action is brought against the other obligor, he may plead, that by the judgment against his co-obligor, the bond was extinguished, and being extinguished as to one of the joint obligors, it is extinguished as to both. For the law, as I have laid it down, I refer to one Chitty on Plead. 30. 1 Saund. 291, note E. 18 Johns. 471. Cro. Jac. 73. Brown v. Warton, 4 Com. Dig. Action, K. 4. *290 The same principles may be collected from the case of M‘Fall v. Williams, in this court. 2 Serg. & Rawle, 288. There, an action of assumpsit was brought on a joint contract against two defendants; one of whom confessed judgment for a certain sum. Afterwards the other defendant entered special bail, appeared, and pleaded the general issue, and a verdict was found against him for a different sum from that which his partner had confessed. It was held, that no judgment could be entered on that verdict, because there cannot be two judgments for different sums on a joint contract. It is much to be wished, that the legislature would afford a remedy in a case which loudly calls for it. It is unjust and unreasonable, that one of the obligors should be exempt from payment, when the obligee has done all in his power to bring him to justice. Having no process of outlawry, we are in a worse situation than they are in England. For there, the plaintiff may proceed to outlawry against the defendant, who cannot be taken, and if he has any effects, the king, to whom the forfeiture accrues, always permits the plaintiff to obtain satisfaction from these effects. But, with us, the plaintiff is absolutely without remedy. The court felt a strong inclination to assist the plaintiffs in this case, but, upon looking well into it, the law was found to be too strong against them. We must not usurp the legislative power, however great the temptation. It is our opinion, that there was error in the charge delivered to the jury by the president of the Court of Common Pleas, and therefore the judgment must be reversed.
Judgment reversed.