Nelson, Ch. J.
It is not to be denied that the main question in this case was directly decided against the plaintiffs in Marquand v. Webb, (16 Johns. Rep. 89;) and unless we are prepared to overrule the principle then deliberately settled, a new trial must be granted. Mr. Justice Spencer, who deliv *84 ered the opinion of the court in the case cited, remarked that the point was not free from difficulty, but that after examining all the authorities cited in argument, and several others, he was of opinion the witness was incompetent, on the ground that he was called to prove a fact which he had a direct interest to establish against the defendant. The enquiry was, he observed, whether the defendant was part owner of the vessel, and, as such, chargeable in the first instance with the plaintiff’s whole demand for repairs, as he had omitted to plead in abatement that there were other joint owners who ought to have been made co-defendants. He added: “ The witness confessed, on his voire dire, that he was part owner, <fcc.; he was . then sworn in chief, to prove that the defendant was also part owner of the same vessel. He was undoubtedly interested to render the burthen upon himself as light as possible, and to throw it on the defendant, in part. It is true, the witness was liable to contribution, but the defendant could never controvert, afterwards, with the witness, in case he sued him for contribution, that he was not a part owner of the vessel. He could not take the ground, that a verdict had been recovered against him, by the present plaintiffs, wrongfully. The very basis of a suit to be brought by him for contribution, must be, that he was a part owner. Upon any other principle, he would be remediless. The recovery in this case would be evidence of the amount he was compelled to pay. The witness being, confessedly, by his own admissions on the voire dire, a part owner, would be answerable in contribution, and his interest in making the defendant below an owner, was promoted by increasing the number of those chargeable, and thereby mitigating his own loss.”
In Blackett v. Weir, (5 Barn. & Cress. 385,) Hall v. Curzon, (9 id. 646,) and several subsequent cases following these in the K. B., the witness was objected to on the same ground taken in Marquand v. Webb; but the court decided he was competent. The only answer there given to the doctrine of Marquand v. Webb was, that the defendant, in a suit against the witness at law, or at least in equity, might recover over the amount of the judgment, provided he could prove *85 that he was not a co-contractor and that the witness was in truth liable for the whole demand; and therefore the latter gained nothing by bringing in another party to contribute. That Mr. Justice Spencer denied, and I think for reasons altogether unanswerable.
Chief Justice Abbott did net rely upon this ground, in Blackett v. Weir, but felt controlled by the well settled rule in respect to joint trespassers, where, in an action against one, a co-trespasser may be called by the plaintiff to prove the commission of the wrong, though the recovery would be a conclusive bar to an action against the witness. I confess, so far as this reason goes, it seems to lead to the rejection, rather than the admission of the witness; for if the effect of a recovery would be to discharge the witness from all liability, (and such is admitted to be the English rule,) he must be directly interested in bringing about the recovery. Without this, he would remain liable in damages to the full extent of the trespass. (1 Phil. Ev. 68, note 4, Am. ed. of 1839.) The same reason for excluding a co-trespasser does not exist here, as the recovery and judgment constitute no bar to another action against the witness until after satisfaction. (Livingston v. Bishop, 1 Johns. Rep. 289.)
Mr. Justice Cowen, in Collins v. Ellis, (21 Wend. 397. 401,) suggests another reason in favor of the competency of a co-debtor, viz. “ that a recovery one way or the other would discharge the witness both at law and in equity, (Robertson v. Smith, 18 Johns. Rep. 459, Penny v. Martin, 4 Johns. Ch. Rep. 566,) which would throw his technical interest against the paidy calling him; for by defeating the action, the witness would escape both present contribution, and all future liability.” This reason, if admitted, can only apply to the case of a suit against one of several co-debtors upon a joint undertaking. For if the witness were a several as well as a joint debtor, he would still remain liable to the plaintiff in a separate action, though his co-debtor had succeeded. I apprehend, however, that the reason will be found insufficient even in respect to the case of a joint undertaking. The ground on which a recovery in a separate suit against the co-debtor has been declared a bar *86 to a new suit, is technical, viz. because the judgment changes ■the form of the security. The original security, and consequently the remedy upon it, becomes merged and extinguished by the higher security obtained through the judgment; just as would a promissory note, by taking a sealed obligation for the same. (Robertson v. Smith, 18 Johns. Rep. 459; Ward v. Johnson, 13 Mass. Rep. 148 ; Downey v. The Farmers and Mechanics' Bank, 13 Serg. & Rawle, 288.) The effect of the recovery, as it respects the further remedy against all the parties, does not turn upon the enquiry whether the merits of the claim have been determined, and so are res adjudicata ; but upon the fact that, by proceeding to judgment against orae, the plaintiff has elected to change the nature of his security. If, therefore, the plaintiff do not succeed for any reason, so that no judgment is obtained, the whole foundation of the defence to a new suit against all the parties fails; for it is not then in the power of the latter, or any of them, to set up a verdict or judgment in a suit between them and the plaintiff, in which the merits have been tried; because no such suit has been brought. Nor can they plead a judgment against one, by way of showing the original liability extinguished; because no such judgment has been obtained. The case of York v. Blott (5 Maule & Selw. 71) proceeded upon the ground that a new action may be sustained against all the debtors, notwithstanding the plaintiff has failed in a suit against one; and thus far, perhaps, it may be regarded as an authority applicable to the point now under consideration, though I do not assent to the decision there made upon the principal question.
But, retailing again to the case of Marquand v. Webb, I may refer to Brown v. Brown, (4 Taunt. 752,) Ripley v. Thompson, (12 Moore, 55,) Taylor v. Cohens, (id. 219,) and M'Brain v. Fortune, (3 Camp. 317,) as authorities affirming the same doctrine, and for the like reasons. (1 Phil. Ev. 75, Am. ed. of 1839; 1 Stark. Ev. 108, 5th Am. ed.) These rea - sons are, in short, that the witness, being prima facie liable for the whole debt, is called for the purpose of bringing in another to share in that liability'; whereas, for aught that appears, with *87 out his testimony the plaintiff would fail and the whole liability devolve upon the witness. And there is this further reason in the case of a joint demand, viz. that the recovery would extinguish the original liability, and cut down that of the witness to a simple claim of contribution.
It is said that in the case of a several as well as a joint de mand, if the action fail, the witness is still liable for the whole in a new suit by the plaintiff; and that the witness’ interest is balanced, because, in such event, he may compel the defendant to contribute. But this assumes the whole case. The defendant’s position here is, that he is not liable at all; that he is not a stockholder, and never stood in a condition to be rendered liable, either alone or with others, for the debts of the company. How then can it be said or assumed that he would be holden to contribute to the witness ? The argument takes for granted the very fact which the defendant disputes, and which the witness is called to prove.
The truth is, the only answer to the ground taken in Marquand v. Webb, is that given by the K. B. in the cases already cited, and the one suggested by Mr. Justice Cowen, in Collins v. Ellis. The former was denied by Mr. Justice Spencer, and the latter I cannot but think, with deference, equally fails to remove the objection.
The other points discussed on the argument I believe are all disposed of by the two cases heretofore decided relating to this same charter.
Cowen, J.
Gilbert was offered as a witness for the plaintiff, without stating what it was intended to prove by him. Having signed the note as president, it is inferable that he was then a stockholder. But I think no foundation was laid for the objection, inasmuch as the witness was not avowedly called to show Kearney an original subscriber for stock. Prima facie every man whose name is not on the record is a disinterested witness, and, to overcome the presumption, enough must be shown to indicate that he has an interest inclining him to favor the party who calls him. It does not necessarily follow that Gilbert had *88 such an interest because he was a stockholder. It did not appear at any stage of the cause that Kearney was an original subscriber. If he purchased stock of another man, it was immaterial to the witness whether it remained in the name of the transferor or transferee. Either would be liable to contribution for the relief of the witness in exactly the same ratio. We must take it that the transferor was as able to contribute as the defendant himself; for no question was made of this. The objection was based on the naked fact that the witness was a stockholder, leaving it to be implied that Kearney purchased his stock of another; at least leaving it equal whether he had or had not done so.
But, independently of this particular view, it is perfectly well settled, and was never doubted as a general rule, that, where the creditor proceeds against one of several debtors, he may call either of the others as a witness for him; (1 Phil. Ev. 60, Cowen & Hill’s ed.; Phil. & Amos, 124;) although he would not be a competent witness for the defendant. (1 Phil. Ev. 59, Cowen & Hill’s ed.; Phil. & Amos, 84; Bagley v. Osborn, 2 Wend. 527; Lefferts v. Demott, 21 Wend. 136; Curtis v. Monteith, 1 Hill, 356; Hall v. Rix, 3 Moore & Payne, 273, 6 Bing. 181, S. C.) It is only when the plaintiff offers the witness to show the connection between him and the defendant that he was ever objected to ; and Gilbert not having been called and proposed as a witness for that object, there would seem to be no question in the case. If the plaintiff succeeded, the witness would be liable as a contributor, not only for the damages recovered, but also for the costs. He was therefore interested to testify in favor of the defendant; and it follows that he was competent for the plaintiff, unless we are prepared to adopt the legal solecism that a witness is rendered incompetent by having an interest opposed to the party calling him.
I am, moreover, of the opinion that, had Gilbert been called for the avowed purpose of showing that the defendant was an original subscriber for the stock, he would have been competent. This depends on the answer due to the question whether a witness may be called by the creditor to show that the defen *89 dant is a joint or several debtor with the witness. It is, as I remarked, only in such a case that the question has ever been raised. It has been contended that, though a witness generally, yet being admitted to be a debtor, and being offered for the purpose of fixing his own debt upon another, at least a part of his debt, there is, quoad hoc, a counterbalance which turns his interest in favor of the plaintiff and against the defendant. To this proposition I cannot assent.
I propose to consider it first upon authority. In Lockart v. Graham, (1 Str. 35,) there being three obligors, the action was brought against one of them only. The plaintiff offered another obligor to prove the execution of the bond by the defendant. Being objected to, he was received at nisi prius by the chief justice; and the decision was approved' of after a case made and after conference with two other justices. This case was in the C. B., and decided in the year 1763. The question seems not to have been seriously started again till 1816, in York v. Blott, (5 Maul. & Sel. 71,) which arose in the K. B. The action was on a promissory note and was brought against the defendant alone, who,, on its production,, appeared to have been a joint maker with T. S. The latter being offered by the plaintiff to prove the signatures of both, he was objected to by reason of the interest he had to cast the liability on the defendant and discharge himself; but he was received. On a motion for a new trial, the case of Lockart v. Graham was approved; and, on the authority of that case, as well as the reason of the thing, the witness being obliged to contribute, and so standing at least indifferent—perhaps ultimately liable for the whole debt, if the plaintiffs had failed in their action—the court held that he was properly received. In 1826, the question was again raised. (Blackett v. Weir, 8 Dowl. & Ryl. 142, 5 Barn. & Cress. 385, S. C.) The action was for goods sold, against one of several partners. One Gilson was offered by the plaintiff to prove that the defendant was a partner with others to whom the sale was made, and admitted on his voire dire that he was himself also a partner. He was received. On motion for a new trial, Brown v. Brown (4 Taunt. 752) and Mant v. Mainwaring *90 (8 Taunt. 139) were cited,- where a copartner on the record, who had suffered judgment by default, was held incompetent for the plaintiff. But the court distinguished these cases, saying the rejection was on the ground that the witness was a party, and they adhered to the cases from 1 Strange and 5 Maulé cf Selio. Abbott, O. J. adverted to the well settled doctrine as to joint trespassers. He said, “ nothing can be more familiar to the experience of us all, than a person who has committed a trespass being examined as a witness to prove that he acted under the command and authority of the defendant. If a joint trespasser may be a competent witness, surely a joint contractor may be •, and indeed a fortiori would be: for in the former case, as there is no contribution in actions of tort, a verdict for the plaintiff would relieve the witness from liability, whereas in the latter, as there is contribution, such a verdict would impose a liability upon him.” (8 Dowl. & Ryl. 145.) Bayley and Holroyd, Js. thought, if the witness wrongfully and falsely charged the defendant by swearing to a partnership when there was none, he would be liable to answer the injury in an action, or at least by bill in equity. The same question was again raised in Hall v. Curzon, (9 Barn, & Cress. 646,) and decided the same way; Lord Tenterden, C. J. again adverting to the principle which prevails in cases of tort. That the same principle is perfectly settled with us, and that its influence is at least no greater against the competency of the witness in the case of contracts than of torts, I had occasion to insist at large in the late cases of Collins v. Ellis, (21 Wend. 399 to 404,) Dudley v. Bolles, (24 Wend. 465,) and Cutter v. Rathbun, (3 Hill, 577.) Lord Tenterden thought, as we have seen, with great justness, that the reason for exclusion is not near so strong in the case of contracts as of torts.
Again: suppose the subscription of Kearney, the present defendant, had been proved by an indifferent witness, and Gilbert had been called by Kearney to disprove it; all the books agree that he would have been incompetent, because liable to contribute both to the damages and costs of the plaintiff’s recovery. This very point was resolved in Goodacre v. Breame, (Peak. *91 N. P. Cas. 174.) The action was for goods sold, against one of several partners. A prima facie case being made out against all, William Brearne, a partner not sued, was called to show that the particular goods in question were bought by the defendant, as the witness’ servant, on individual account. The witness was held to be incompetent, because, “ by discharging the present defendant he benefits himself, as he will be liable to pay a share of the costs by the plaintiff.” This case was cited and approved in Hall v. Rix, supra, A. D. 1829. We are called on to decide that if the witness be offered by the plaintiff to prove a partnership, he is incompetent, because he will benefit himself, while the case cited holds that he is incompetent to disprove.a partnership for .the same reason; in other rvords, his interest in favor of the plaintiff deprives him of the witness, while the interest of the same witness in favor of the defendant, at the same time deprives the latter of his testimony. This gross absurdity was adverted to by Bayley, J. in Hudson v. Robinson, (4 Maule & Selw. 475, 484.) In that case the defendant had pleaded the non-joinder of Angus & Brown in abatement; and the plaintiffs offered Angus to prove that he was not a partner. He was held admissible, as he stood indifferent at least, and in one view his interest was in favor of the defendant. Bayley, J. said: “Angus would not, perhaps, have been a competent witness for the defendant, because he would have had an interest in defeating the suit. It would be singular, therefore, if he were also an incompetent witness for the plaintiffs; for then he must be interested both ways.” The subsequent case of Cossham v. Goldney (2 Stark. Rep. 414) presented the same question, which was decided the same way. And on the argument of Blackett v. Weir, as reported in 8 Dowl. & Ryl., Littledale, J. said the case in 2 Stark, was in point for the plaintiff. On a similar issue in Young v. Bairner, (1 Esp. Rep. 103,) where the question was on a plea in abatement averring the nonjoinder of certain part owners of a ship, the defendant called one Whytock, named in the plea as not joined, to show that he was a part owner. It was urged that Whytock was called to charge himself: but Lord Kenyon held *92 otherwise: “ for being part owner, he was liable for his share of the debt for which the action was brought, and the object of his testimony was to defeat an action brought to recover a demand, to which, if recovered, he was bound to contribute.” Would Lord Kenyon have said, if the witness had been called by the other side to sustain the dema by showing the opposite fact, that he was not competent because interested to sustain it ? Would any court with their eyes open hold that a Avitness is interested in favor of the plaintiff, and not interested in his favor, for the same reason and at the same time. Young v. Bairner Avas confirmed on motion for a new trial, so far as it related to the point I have mentioned, though a new trial Avas granted on the ground that the defendant had offered to release Whytoclc.
Where the demand is several and not joint, as in the case at bar, the rule that an interest depending on a contingent benefit does not disqualify a Avitness, has been applied. We acted upon it in Dudley v. Bolles, (24 Wend. 470,) where several cases are cited which Avent on the same principle. Though the witness fixes his oAvn debt on another, it does not folloAV that it will be collected. The creditor may think it for his interest to take no execution in the first suit, but, stopping with the judgment, bring an action against the Avitness. With us this may be done in cases of tort, as to which a judgment against one joint Avrong-doer is not, per se, a bar to an action against another. In all cases of several liability, the debtors or Avrongdoers are collateral sureties each for the other, and maybe sued consecutively. A rule that one collateral surety is interested in upholding instead of defeating the claim against the other, must, in a great majority of instances, violate the truth and justice of the case.
Where the demand is against joint debtors, there is, I think, ánother and conclusive reason which turns the interest of the witness in favor of the defendant, and renders him the best possible witness for the plaintiff. If he can, by his testimony, defeat the plaintiff’s recovery, and bring about a verdict and judgment for the defendant, such recovery will enure as a per *93 petual bar to any future action or bilí in equity against him as well as the defendant; and consequently save him from all liability to contribute. (Robertson v. Smith, 18 Johns. Rep. 478; Penny v. Martin, 4 Johns. Ch. Rep. 566.) A verdict and judgment for, as well as against the defendant, works a perpetual merger and extinguishment as to him. (McGuinty v. Herrick, 5 Wend. 240.) It was said by the supreme court of Iowa, in Levy v. McCraney, (1 Bradf. Rep. 8, 10,) that 11 a verdict for the defendant on the merits is of the same effect in this respect, (i. e. for the purpose of a bar,) as a verdict for the plaintiff after it has been paid off and satisfied.” It is contended, however, that it does not per se bar an action against the witness. That I do not admit. Though not a nominal, he is a real party, or at least a privy, and in either view may claim that the debt is res judicata as to himself. But I do not propose to insist on this at large, because it is not necessary. It is enough for my purpose that one of the two joint debtors is released. This being so, the doctrine is as old as Littleton, that the whole debt is gone. And it is the same whether the release be by d.eed or operation of law. “ Thus, if several obligors be bound jointly, and the obligee constitute one of them his executor, it is an extinguishment at law and a rel ease to them all.” (2 Wm's. Ex. 812.) So in Robertson v. Smith, where a judgment had been obtained against one of several joint debtors, Spencer, Ch. J. said, “Whatever extinguishes or merges the debt as to one, merges it as to all” It is scarcely necessary to say that when a debt is released or merged as to all, it is discharged as to each. Nor is the doctrine new in its use as the test of a witness’ competency. In Wilson v. Hirst, (4 Barn, & Adolph, 760,) the defendants released their partner who was not sued, and offered him as a witness. The plaintiffs objected that, notwithstanding the release, he was still interested to testify in favor of the defendants, because a verdict for them would discharge the witness. Lord Denman, C. J. admitted that such would be the effect; and that, had it not been for the release, the witness would for that reason have been incompetent. But being released, he had been rendered indifferent, inasmuch as a verdict *94 for the plaintiff would not subject him to contribution. (Vide Lefferts v. Demott, 21 Wend. 139.) There are a good many American cases confirming the rule as laid down in Robertson v. Smith. (Williams v. McFall, 2 Serg. & Rawle, 280; Downey v. The Farm. & Mech. Bank of Greencastle, 13 Serg. & Rawle, 288; Willings v. Consequa, 1 Pet. C. C. Rep. 301; Beltzoover v. The Commonwealth, 1 Watts, 126, 7.) In the case from 13 Serg. & Rawle, almost the very words cited from Robertson r. Smith are adopted by Tilghman, Ch. X, viz: “ Being extinguished as. to one of the obligors, it is extinguished as to both.” I do not notice the opposite case of Sheehy v. Mandeville, (6 Cranch, 253,) which is an obvious departure both from principle and authority. It Avas moreover cited by counsel and overruled by this court in Robertson v. Smith.
These authorities and principles completely establish the proposition that the interest of a co-partner being decidedly preponderant in favor of his firm, he is incompetent Avhen called as a Avitness to defeat a claim against that firm; but is, on the contrary, abundantly competent AA'hen called for the plaintiff, because he comes against his interest. Neither on authority nor in the nature of things can the rule admit of any qualification. The decisions have been uniform in all those cases Avhere the question has been considered on authority; and the earliest bears date several years before the revolution.
The cases of Marquand v. Webb, (16 John. 89,) and Ripley v. Thompson, (12 Moore, 55,) hold the reverse of the cases and the principles before noticed. The first came before this court in 1819. It Avas an action against the supposed part owners of a ship. Gomez, another part OAvner, Avas offered by the plaintiff to prove the interest of the defendants. Being objected to in the court below, (the common pleas of the city of New York,) the recorder received him, and the judgment being for the plaintiffs, Avas reversed on error, for reasons assigned by Spencer, G. X, AArho came to the conclusion that the witness’ interest preponderated against his partners. I say partners, because part oaviiers are such to almost every purpose. (Abb. on Ship. 80 to 84, Boston ed. of 1829.) This case Avas decided Avithout a quotation *95 by counsel or court either of Lockart v. Graham, or York v. Blott, then in the hands of the profession. In both the point had directly arisen, and the decisions in both were diametrically opposed to that in Marquand v. Webb. Young V. Bairnsr was also then an old case; and stood in tolidem verbis opposed to the same decision. The doctrine of all three had been acquiesced in for more than fifty years. The only case noticed by the chief justice at all pertinent was Hudson v. Robinson, which Littledale, J. thought, as we have seen, was also against the doctrine of Marquand v. Webb. The only English case relied on as bearing upon the point was Rothcroe v. Elton, (Peak. N. P. Cas. 84.) The utter dissimilarity of this, will appear on stating it. The action was on a policy upon goods. The plaintiff called the ship owner to prove seaworthiness. He was at first rejected, because, should the plaintiff fail on that point, the witness would be liable to him on the warranty implied in his favor that the ship was seaworthy. There could not possibly be any countervailing interest in favor of the defendant, as in case of partnership. It "was all in favor of the plaintiff, and on his releasing the witness he was received. The only other case relied on was the State v. Penman, (2 Dessaus. 1, 4, 5.) The force of that case will be apparent from the marginal note, which is thus: “ A partner in a company is not an admissible Avitness to prove that another person is a member, especially Avhere there are Avritten articles.” The main question Avas one of secondary evidence. The supplemental reason, that the Avitness Avas interested, throAvn in as it obviously Avas on looking at only one side, and Avithout deigning to notice cases directly the other Avay, can claim no other merit than that of an ill considered dictum. The rule had come doAvn from Clayton too, that a joint Avrongdoer may be called to charge his companion, (3 Hill, 579,) and there Avere then authorities in the books that the Avitness Avas interested the other AVay, and so must have been competent. The books of evidence Avere at that period (A. D. 1800,) very defective; and it is to be regretted that they continued so doAvn to the time of Marquand, v. Webb. Chief Justice Spencer said, “I have *96 met with no case directly in point.” He then proceeds to put his judgment on principles, the force of which had been at the time again and again considered and denied. The books showing this have already been cited. They speak for themselves. Various other principles, supported by numerous decisions necessarily adverse, though of less obvious application, have also been noticed, all of which I should consider myself as repudiating were I to concur in Marquand v. Webb. I fully agree with the learned chief justice, that the question was one of difficulty when attended with the disadvantages under which he came to its examination. It is one among the very few cases passed upon by that distinguished jurist, in which I should hesitate to concur.
Of the same character is Ripley v. Thompson, (12 Moore, 55,) a single case opposed to a whole squadron which had been increasing from 1 Strange down to 5 Maule & Selw.; the leading case too being in the very court which overruled it without being conscious of its existence. The case of Brown v. Brown, cited by Gaselee, X, so far as it went on the interest of the witness, had been entirely explained away by Mant v. Mainwaring, (8 Taunt. 140,) as it has been twice since, viz. by Blackett v. Weir, and Hall v. Curzon. A case cited from 4 Barn. & Ald., the court truly said had no application, and that of M'Brain v. Fortune, (3 Camp. 317,) relied upon by Ch. X Best as a controlling authority, was, I think, equally inapplicable. It held that where a man had purchased without disclosing the name of his principal, he was not a competent witness for the vendor to charge the principal with a debt thus prima facie made the witness’ own. This was simply because he had no remedy over against his principal; or at least a very doubtful one. Surely it will not be pretended there was any connection or semblance of connection between them as joint debtors.
The case of Taylor v. Cohen has been mentioned by Chief Justice Nelson. It is at p. 219 of 12 Moore. But there, tire joint debtor offered by the plaintiff was admitted. If it be an authority on the point in question, it overrules Ripley v. *97 Thompson. The account of the English C. P. will then stand thus: Lockart v. Graham in favor of the witness’ admission; Ripley v. Thompson contra, in Mich. T. 1826, overruled at tiie next term in Taylor v. Cohen.
It is proper, before dismissing this point, to notice the case of Lovett v. Adams, (3 Wend. 380.) Part of the obligors in a bond were sued. The defence was, that the bond had not been delivered; and after its execution by all the obligors had been proved by the plaintiff, an obligor not sued was offered by the defendants to disprove its execution. He was held admissible, on the ground that his interest was against the defendants. This case is directly opposed to Lockart v. Graham, and all others which hold that one of several joint debtors is not a competent witness for the others. Not a single case is cited by counsel or court; and there is none tending to sustain it except Marquand v. Webb and Ripley v. Thompson. I admit that if these cases are allowed to stand, all the authorities denying that joint obligors, joint makers, copartners, part owners, and the like, are witnesses for theft fellows—cases which no one ever thought of questioning—must be repudiated. So must all those cases which hold that one joint wrongdoer may testify against another. So of many others. Whole classes of authority which have remained unquestioned for centuries must yield; to what? To two anomalous decisions, themselves directly opposed to an overwhelming series of cases standing before and following after them in the same line, opposed to principle, reason and all analogy, refuted again and again by the king’s bench in every phasis of argument by which counsel have presented them, and themselves hastily decided without quotation of authority or any proper search among the books either by counsel or court. For one, I am not prepared to join in a work of such extensive destruction, for so slight a cause.
I am therefore of opinion that Gilbert was properly admitted as a witness by the learned judge at the circuit: 1st. Because he was not offered to show that Kearney, the defendant, was an original subscriber; 2d. Because he was not offered to prove that Kearney had become a stockholder in any form .; and 3d. Be *98 cause, if he had been offered for that purpose, his interest was against the plaintiff. I know he was not a joint debtor coming within the reasons derived from Robertson v. Smith and its kindred cases. But the reasons repeatedly urged by the king’s bench are sufficient. ■
Various other exceptions were taken by the defendant’s counsel, all of which are, I think, unfounded, except one. The costs of the judgment against the company were improperly allowed, according to several recent cases relating to this very company.
My opinion is that a new trial should be granted, unless the plaintiff enter a remittitur of the costs on the record, which he should have leave to do by a rule to be entered with the clerk; and then a new trial should be denied.
Bronson, J.
The witness was called by the plaintiff, and if this were a new question I should feel great difficulty in saying that he was incompetent on the ground of interest. All the books agree that he is incompetent when called by the defendant, and I am unable to comprehend how the same individual can at the same moment have such a legal interest both ways that neither plaintiff nor defendant can call him. But I will not go over the ground which has been so fully occupied by my brethren. The case of Marquand v. Webb (16 John. Rep. 89) is a direct authority in this court for rejecting the witness, and I am not prepared to overrule that decision.
New trial granted.