ALBANY,<br>January, 1819.<br><br>MARQUAND<br>v.<br>WEBB.

Motion denied.

━━━◦✳◦━━━

MARQUAND *against* WEBB and WEBB.

IN ERROR, to the Mayor's Court of the city of *New-York.*

This was an action of *assumpsit* for repairs performed by the defendants in error, upon a certain privateer, called the *Spitfire.* The cause was tried in the *June* term, 1817, of the Court below.

On the trial, the plaintiffs below proved, that in 1812 they had done certain repairs to the privateer, and to show that the defendant below was a part owner of the vessel at that time, they produced *Benjamin Gomez* as a witness, who being sworn on his *voire dire*, testified, that he was a part

The owner, as well as the Master, is liable for repairs done upon a vessel. Where the sole question on a bill of exceptions from an inferior court, turns upon the competency of a witness produced to testify to a fact, which was fully proved upon the trial by other witnesses, this

Court cannot reject the evidence as unnecessary; although the party might have waived the testimony of the witness who was objected to, and then the Court below would have been justified in refusing to seal the bill of exceptions.

In an action for repairs done to a vessel, against one part owner, who neglects to plead the non-joinder of the others in abatement, another part owner is not an admissible witness for the plaintiff, to prove the ownership of the defendant; for, although he would be liable, as an owner, to the plaintiff in case he failed, or if he succeeded, would be answerable to the defendant for contribution, yet he has an interest, by charging the defendant, (a verdict against whom would be evidence of his joint-ownership,) to increase the number of part owners, and thus diminish the amount of contribution or loss, which he would otherwise himself be obliged to sustain.

If the witness stands in that situation, that whichever way the suit may terminate, he will be equally liable, and to the same extent, to the losing party, he is admissible.

owner of the vessel when the repairs were made. The de-
fendant's counsel objected to the witness, as interested ; but
the Recorder permitted him to be sworn in chief, and the
witness being sworn, gave material testimony against the
defendant. The plaintiffs, further to maintain the issue on
their part, gave in evidence, that previously to the *Spitfire*
being placed in their hands, for the purpose of being repair-
ed, it was agreed among a number of persons to purchase
her, for the purpose of being employed as a privateer ; that
*John Briggs* should be their agent, and should take a
bill of sale in his own name; that *Briggs* agreed with the
defendant, and *Bulkley*, who were then the owners of
the vessel, to purchase her of them, and to give his own
notes, with an indorsor, for one half of the price, and for the
other half, his certificates of shares in the privateer. That
the vessel was conveyed to *Briggs* by a regular bill of sale,
and *Briggs*, at the same time, delivered to the defendant
and *Bulkley*, the notes agreed on, and the certificates
which were subscribed by *Briggs*, and stated simply, that
the bearer thereof, naming him, was entitled to a specific
number of shares in the privateer, and in any prizes or cap-
tures which she might make ; and that afterwards the pri-
vateer was delivered to the plaintiffs for the purpose of
being repaired. *Briggs* testified, that the privateer was
owned by the defendant and several other persons, at the
time when the work was done, and he and another witness
proved that the defendant regularly took part with the other
owners in the management and direction of the vessel.

A verdict having been found for the plaintiffs below, the
defendant below tendered a bill of exceptions to the Recor-
der, which was removed into this Court by writ of error.

*R. Sedgwick*, for the plaintiff in error, contended, that *Mar-
quand* was not such an owner as would render him liable
for the repairs of the vessel. Even, in case the ship's regis-
ter is produced, the Court will look beyond it, to see who is
the real owner. Here was a privateer, and certain certifi-
cates or scrips, entitling the person to shares, are given, and
which are transferrable by delivery. There was an agent or
ostensible person appointed by all the persons interested, and

to whom all persons were to look. It cannot be supposed that the plaintiffs below contracted on the faith of the defendant being an owner. It is enough that a substantial and responsible agent was appointed. The credit must have been given to him. If *M.* is responsible as an owner, he might call on the co-owners for their proportions ; but as these certificates or shares were transferrable by delivery, that would be impossible. (*Leonard* v. *Huntington*, 15 *Johns. Rep.* 298.)

Again ; *Gomez* being a part owner, was inadmissible as a witness. His interest was not balanced or neutralized ; for if, by his testimony, he enabled the plaintiff to recover the whole of the defendant, he would be liable to contribute only one half. In *Bland* v. *Ansley*, (5 *Bos. & Pull.* 331.) which was an action of trespass against a sheriff for taking the goods of A. for the debt of B., and the question was, whether B. had previously assigned the goods to A., or not, B. was held not to be a competent witness to prove the assignment. (*Emerton* v. *Andrews*, 4 *Mass. Rep.* 653.)

*P. W. Radcliff*, contra. 1. There can be no doubt that the defendant below was a part owner. It was fully proved by *Briggs*.

[*Spencer*, J. We have no difficulty on this point. But suppose improper evidence has been admitted, and though the other evidence was, in our opinion, fully sufficient to entitle the plaintiff to recover, are we authorized to say that the jury disregarded the improper evidence ?]

To render a witness incompetent, there must be an actual existing interest at the time, not an expectant or contingent interest. If a witness will be equally liable, which ever way the verdict may be found, he is indifferent, and may be admitted. If *G.* had any interest in favour of one party, more than the other, it was in favour of the defendant. (*M'Cleod* v. *Johnston*, 4 *Johns. Rep.* 126.) In *Ridley* v. *Taylor*, (13 *East*, 175.) where one partner drew a bill in the name of the firm, which he passed for his separate debt, it was held, that in an action by the separate creditor, against the *acceptor*, either of the partners might be a wit-

ness for the defendant, to disprove the authority of the debtor partner, to give the security of the firm; for if the separate creditor recovered against the acceptor, he would have his remedy over against the firm, yet the innocent partner would have his remedy against the other. (*Phillips' Evid.* 48. 54. 56.)

*H. Sedgwick*, in reply, said, that wherever a witness undertakes to discharge himself by charging the defendant, he was incompetent. In *Rotheroe and another* v. *Elton*, (*Peake's N. P. Cas.* 84.) Lord *Kenyon* ruled, that an owner of a ship was not a competent witness, on the question as to her sea-worthiness, in an action on a policy of insurance, on the plaintiffs' goods on board the ship; for he was interested that the plaintiffs should recover, as, if they failed, they would have an action against him, on the implied warranty, as to the sea-worthiness of the ship.

SPENCER, J. delivered the opinion of the Court. Admitting that the defendant was part owner of the privateer, there can be no doubt that he is liable to the plaintiffs for the repairs. The case of *Leonard* v. *Huntington*, (15 *Johns. Rep.* 298, 302.) instead of impugning the proposition, goes to support it; for it was expressly admitted, that a master contracting for the use of the vessel, is liable, because the credit is given to him in respect to his contract, and it is also given to the owners, because the contract is on their account; but we did not consider that *Huntington* stood in the character of an owner, when the repairs were done in that case.

The whole case turns on the competency of the witness, *Benjamin Gomez*; and although the fact proved by him, was proved by two other witnesses, we cannot say, the case coming before us on a writ of error, that his evidence may be rejected as unnecessary. It would have been allowed to the plaintiff below, to waive this testimony; and then the *Recorder* would have been justified in refusing to seal the bill of exceptions. This was not done; and we must now decide, whether *Gomez* was an admissible witness, it appear-

ing that he was part owner of the privateer, and as such, liable to contribution, in case the plaintiff recovered.

This point is not free from difficulty ; but, after examining all the cases cited, and several others, we are of the opinion, that *Gomez* was not an admissible witness; on the ground, that he was called to prove a fact, which he had a direct interest to establish against the defendant. The inquiry was, whether the defendant was part owner of the vessel; and, as such, chargeable, in the first instance, with the plaintiffs' whole demand for repairs, as he had omitted to plead, in abatement, that there were other joint owners, who ought to have been made co-defendants. The witness confessed, on his *voir dire*, that he was a part owner of the *Spitfire;* he was then sworn in chief, to prove that the defendant was also a part owner of the same vessel. He was, undoubtedly, interested to render the burthen upon himself as light as possible, and to throw it on the defendant, in part. It is true, the witness was liable to contribution, but the defendant could never controvert, afterwards, with the witness, in case he sued him for contribution, that he was not a part owner of the vessel. He could not take the ground, that a verdict had been recovered against him, by the present plaintiffs, wrongfully. The very basis of a suit to be brought by him for contribution, must be, that he was a part owner. Upon any other principle, he would be remediless. The recovery in this case would be evidence of the amount he was compelled to pay. The witness being, confessedly, by his own admissions on the *voir dire*, a part owner, would be answerable in contribution, and his interest in making the defendant below an owner, was promoted, by increasing the number of those chargeable, and thereby mitigating his own loss.

I have met with no case directly in point. My opinion proceeds on the principle, that whenever a fact is to be proved by a witness, and such fact be favourable to the party who calls him, and the witness will derive a certain advantage from establishing the fact, in the way proposed, he cannot be heard, whether the benefit be great or small. Thus, in *Bland* v. *Ansley*, (5 *Bos. & Pull.* 331.) where trespass was brought for taking the plaintiff's goods in exe-

ALBANY,
January, 1819.

MARQUAND
v.
WEBB.

cution, and the question was, whether one *Aubray*, against whose goods the execution was, had assigned them to the plaintiff or not; *Aubray* was called to prove that he had not assigned them, and was rejected; and though it was contended, that the witness was indifferent in point of interest, the Court held, that he was properly rejected, on the ground, that he was called to give evidence, the effect of which would be to pay his own debt with the plaintiff's goods. In the case of *Hudson and another* v. *Robinson*, (4 *M. & Selw.* 475.) an action of *assumpsit* was brought against one of several partners for not delivering goods; the defendant pleaded, that the promises were made jointly with two others. The allegation, on the part of the plaintiffs, was, that although the defendant was a partner with A. and B., he made the contract individually, though in the name of the partnership; and that, in fraud of the partnership, he received the money to his own use; it was held, that A., one of the partners, was a competent witness for the plaintiffs to prove that the defendant was not authorized by the partners to make the contract, and that he had received the money to his own use, on the ground, that the defendant was not precluded from suing the other partners for contribution; the Court holding, that the record of recovery, in that case, would not be evidence, in such suit for contribution, any further than to show that the defendant had paid a certain sum, and that, therefore, the witness stood indifferent. *Bayley*, J. in giving his opinion, stated the true principle. He said, a witness may be interested in different ways; if, for instance, the result of the suit will be, to protect him from having a demand made against him, or to put him in a worse (his meaning, obviously, was better) situation than before, he is an incompetent witness; but if he stands in this situation as to the event, that whether the suit terminates in one way or the other, he will be equally liable, *stat indifferenter*, there is no reason why he should not be a competent witness. The same principle was adopted by the Court in *Ridley* v. *Taylor*, (13 *East*, 175.)

The principle is not intended to be impeached, that if a witness has an interest inclining him to each of the parties, so as, upon the whole, to make him indifferent, he will be

competent to give evidence for either party. It is conceived, that *Gomez* did not stand indifferent between the parties ; for though, from his own disclosure, he would be liable to the plaintiffs below, if they failed in this suit, as a part owner, he was increasing the number of those who would be contributory, and thus lessening the amount which he was eventually to pay.

In coming to this conclusion, I have not been influenced by the case of *Emerton* v. *Andrews*, (4 *Mass. Rep.* 653.) for, with great deference to the Court who pronounced that decision, I cannot subscribe to the opinion there expressed. The action there was *assumpsit*, for the board of workmen, whilst in the service of the defendant; *Beals*, one of them, testified, that having engaged to work for the defendants, he was to pay his own board ; he requested the plaintiff to board him, and take his pay in goods at the defendant's store; to which both the plaintiff and defendant agreed ; that he boarded with the plaintiff, and was likewise considered by the plaintiff as answerable for the board ; his testimony was set aside, on the ground of his interest. The Court, in giving their opinion, observe, that if the plaintiff prevailed, *Beals* would be discharged from any demand by the plaintiff, and that in an action to be brought against him, the judgment and satisfaction of it would defeat the action. This is not the test, as I understand the law ; it was immaterial to *Beals*, whether the plaintiff failed or succeeded in his suit. He was, at all events, answerable for the board to one or the other; if the plaintiff recovered, it gave the defendant a right as against *Beals*, either to stop the amount out of his wages, or if he had paid him, to recover back the amount. The cases of *Evans* v. *Williams*, and *Ilderton* v. *Atkinson*, (7 *Term Rep.* 480, 481, in the notes,) *Shuttleworth* v. *Stephens*, (1 *Campb.* 407.) and *Milward* v. *Hallet*, (2 *Caines*, 77.) and several others, go to support the distinction, that if the witness has an interest inclining him to each of the parties, so as, upon the whole, to make him indifferent, he will be a competent witness for either party.

The case most nearly resembling the present is, that of *Rotheroe and others* v. *Elton*, (*Peake's N. P. Cases*, 84.)

ALBANY,
January, 1819.

JACKSON
v.
HILTON.

which was *assumpsit* on a policy on goods; the question was, whether the ship was sea-worthy. To prove that she was so, the owner of the ship was called as a witness, and was rejected; Lord *Kenyon* held, that where a witness was directly interested in the event of the suit, as well as where he verdict in the cause would be evidence for or against him in another suit, he was incompetent. In 2 *Dessasure's, S. C. Rep.* 4, 5. it was ruled, that one partner was not a competent witness to prove that the defendant was also a partner, because he was interested to fix the liability of the defendant.

The judgment must be reversed, with directions that a: *venire de novo* issue in the Court below.

Judgment reversed.