## JACKSON, *ex dem.* HILLS, *against* TUTTLE.

The circuit          J. A. SPENCER moved for a rule to refer a bill of excep-
judge ruled
that the plain- tions taken by the defendant at the circuit, to the circuit
tiff in eject-
menthad made judge for correction.
out a *prima*        At the trial, the lessor of the plaintiff proceeded to prove
*facie* title in G.,
under whom what he insisted was *prima facie* a title in G., under whom
he claimed; he claimed; and the judge ruling in his favor, the defend-
and the defend-
ant excepted. ant excepted.  Afterwards, the defendant proceeding with
Afterwards
the defendant his proof, it appeared that he derived title from G., the same
proved that he person under whom the lessor claimed.  The dispute being
himself
claimed under upon the title of this person, the plaintiff insisted that the
G.
Held, that in defendant's proof operated as a waiver of his exception;
afterwards set- and, on afterwards settling the bill before the judge, claimed
ling the bill
of exceptions, to have such proof inserted in the bill.  This the judge
the judge
should insert declined; stopping with the plaintiff's proof, so as to pre-
the defendant's sent his evidence and the exception, without the matter
proof, so that
the plaintiff claimed as a waiver.
might insist
upon it as
a waiver of the      *Spencer* cited Tidd. Pr. 788; id. 786, 7; Bull. N. P. 315;
exception.
Semble, it 1 Archb. Pr. 187, 8; 1 R. L. 319, s. 4; 6 Cowen, 455.  He
would be a said *non constat*, if the defendant had not furnished the
waiver.
                proof, the plaintiff himself might not have done it.  He
                had a right to do so; and not to hazard the exception.
                Having the defendant's own evidence, he might rely upon

that. He instanced a witness objected to and excluded for interest, an exception taken and sealed on the spot, and the objection afterwards waived; the counsel who took the exception still refusing to swear him. Or suppose him sworn, after exception for interest, which is overruled; and he is then released and sworn again to the *same facts. So a deed offered and received with a defective certificate of acknowledgment; exception; and then it is proved by a subscribing witness, called either by the counsel who offered the deed, or the excepting counsel. It cannot be, he said, that in such cases the exception should still be held available.

UTICA,
August, 1827
Jackson
v.
Tuttle.

[*365]

*G. C. Bronson,* contra.

The court directed this

RULE: " Ordered that the bill of exceptions heretofore settled in this cause, be referred back to the circuit judge who tried the cause, with the opinion of this court expressed, that any evidence given in the cause subsequent to the exception, which is claimed by the plaintiff as a waiver of the exception, should be inserted in the bill of exceptions."(*a*)

(*a*) What shall operate to deprive the party of his exception after it is ence taken; and how he is to be deprived; whether by the judge at N. P. refusing to seal the bill, or stating in it the matter claimed as a waiver, has not been considered to any great extent. Indeed, the question has not appeared in the books of reports till very lately. In *Marquand* v. *Webb*, (16 John. 89, 92,) the plaintiff offered G., a witness, who was objected to as interested. He was admitted, and swore to material facts. The defendants excepted. The plaintiff proved the same facts by two other witnesses. The judgment was reversed for that reason; because the court could not distinguish the weight which the jury might have allowed to G.'s testimony. But *Spencer*, J., said the party introducing him might have waived his testimony; and the court might then have refused to seal the bill of exceptions. In *Norris* v. *Badger*, (6 Cowen, 449, 455,) the plaintiff asked one of the defendant's witnesses, on cross-examination, whether certain real estate was not incumbered? This was objected to, as relating to a matter of deed or record. The answer was received, and the defendants excepted. Whereupon, the plaintiff immediately proved the incumbrances by evidence of record. On motion for a new trial, the court allowed that the exception

UTICA,
August, 1827.

[*366]

was, in itself, fatal; but received the evidence which followed, as equivalent to a waiver; though the first evidence was not waived in so many words. Here was clearly an implied waiver. Beside, as the objection went to the degree of the testimony, there was no chance, as the court say, for the jury to be misled. The plaintiff effectually struck his parol testimony out of the case; and it would have been idle for him to have told the court in other words, that he did not rely upon it. In *Ligget* v. *The Bank of Pennsylvania,* (7 Serg. & Rawle's Rep. 218,) the defendant offered two witnesses. The plaintiff objected. The court sustained the objection; and the defendant excepted. It was *farther stated in the bill, that in both instances, the plaintiff afterwards waived the objection; but the defendant refused to examine the witnesses. On error, *Tilghman,* C. J., said, "It is immaterial whether the court decided right or wrong; for the defendant was not injured by the decision." It is a little doubtful, on the report of this case, how far the exception had proceeded; and whether, if the party had insisted on the bill being forthwith sealed, and this had been done before the waiver, the bill would not have been conclusive. But the C. J. speaks of the case as one of frequent occurrence, saying, "I never before heard it suggested, that after an offer to admit the evidence, an exception could be supported."

In the two last cases, the matter of waiver appeared on the bill; and was passed upon; the latter on error; the former on its way to a court of error; and, of course, involving, as the court remark, the same question, as if it had reached there.