## POLLY FAVOR *versus* JONATHAN PHILBRICK.

After a verdict in favor of a plaintiff, in a cause in the court of common pleas, the defendant moved for a new trial and also in arrest of judgment ; and judgment was arrested. A writ of error was then brought in this court, and the order of arrest reversed. It was held that the record might be remitted to the court of common pleas, with directions to enter judgment on the verdict, or grant a new trial, as justice might seem to require.

But in general, when a judgment of the common pleas is reversed, this court renders the judgment which ought to have been rendered there.

THIS was a writ of error to the court of common pleas. The plaintiff in error brought an action of assumpsit in the common pleas, and obtained a verdict, but the court arrested the judgment. The cause was brought here by

a writ of error, and the order of the common pleas arresting the judgment reversed. It was then suggested by the defendant in error, that there was a motion in the court below for a new trial, which ought to have prevailed, and he prayed that the record might be remitted to the common pleas, in order that he might have a decision of that motion.

*B. M. Farley*, for the plaintiff in error.

*C. H. Atherton*, for the defendant.

*By the court.* We have no doubt that the record may be remitted to the court of common pleas with directions to enter judgment upon the verdict, or grant a new trial as justice may seem to them to require. 1 Caine's Rep. 586 ; 5 Cowen, 669 ; 3 Brod. & B. 297, *Clement* v. *Lewis* ; 16 Johns. 89, *Marquand* v. *Webb.*

But it is not a matter of course thus to remit the record. If it shall be shown that there were legal grounds, which might probably induce the court below to grant a new trial, we may send the record back, but otherwise, judgment must be rendered upon the verdict here