Birchard, Judge.
All the elementary writers treat the question arising in this case, as a settled one. Philips, in his Treatise on Evidence, (vol. 4, p. 67,) states the principle thus : “ In an action on a bond, against one of several obligors, another of the obligors is competent for the plaintiff to prove the execution of the bond. So, in an action on a promissory note, by the payee against the maker, a joint maker of the note, who is not sued, is competent to prove the defendant’s signature ; for if the plaintiff recover against the defendant, the witness would be liable to him for contribution ; and, if he fail, he might resort to the witness for the whole ; and in that case the witness would be entitled to contribution from the defendant ; so that, in either point of view, the witness stands indifferent between the parties.” To sustain this text, Philips, as well as all the other elementary writers, refer to Lockhart v. Graham, 1 Str. 35 ; and York v. Blott, 5 Maule and S. 71 ; and the cases seem to sustain the doctrine, but without throwing any light upon the subject beyond what is to be gathered from the above quotation. In Blaskett v. Weir, 6 B. and *277 Cress, 385, which was an assumpsit for goods sold, etc., to a partnership, one Gibson, who alleged that he was a partner in a yacht company, to whom the goods were delivered, was called by plaintiff and admitted as competent to prove that defendant was also a partner. Abbott, C. J., was of opinion that the interest of the witness was to defeat the plaintiff; for, in the event of his recovery, the defendant would be entitled to contribution; and that his testimony tended to bring a liability upon himself.
Bailey, Judge, reasoned in the same way; and added, “if the defendant can hereafter make out that he was not a partner, I think he may, perhaps at law, and certainly in equity, recover from the witness all that he is compelled to pay in this action.”
*Holroyd, Judge, went still further into the merits of the question, and observed, “ It has been argued, that unless the defendant were fixed with a part, the witness might be liable to pay the whole debt. But it appears to me that the defendant would have a right to recover from the witness, in an action at law, for money paid to his use, the -whole sum recovered in this action, if he could show that the witness was originally liable to pay it.
The case looks much as if the judges of the King’s Bench had met with authorities in Strange and in M. and Sel. which they were afraid to overrule, and were pressed to find reasons that would sustain them. The Chief Justice does not even attempt to show that Gilson’s interest was balanced, on the ground that the defendant might recover back the whole debt of the witness. He insists upon nothing of that kind, as showing an equilibrium of interest. Bailey, Judge, has no such opinion, unless the defendant could prove the negative of the fact to which the witness was called; and even then, he seems to doubt as to the mode of the recovery. Holroyd, Judge, thinks the whole could be recovered at law, if defendant could also show a negative. How ho could do this seems to have been a matter not entirely clear to any of them.
The eases of Greely v. Dow, 2 Metcalf, 126; 2 Hill, 131 ; 18 Johns. 456 ; 1 Pick. 118, seem to add little, if any thing, to these authorities. It may be doubted, if some of them are in point. 9 Cowen, 44, may be clearly distinguished from the one at bar. Also, 12 Vermont, 582.
Directly opposed to Blaskett v. Weir, is Marquond v. Webb, 16 Johns. 93. The original action in that ease was assumpsit, for work and labor done on a vessel, against an owner; and one Gomez, a part owner, gave material evidence against the defendant below. He was *279 objected to as incompetent; and the question on error was brought before the'Supreme Court of New York, and the judgment reversed. Spencer, Judge, in delivering the opinion of the court, says: “ He (Gomez) was undoubtedly interested to render the burden upon himself as light as possible, and to throw it on the defendant in part. It *is true, the witness was liable to contribution; but the defend- [278 ant could never controvert, afterwards, with the witness, (in case he sued him for contribution,) that he was not a part owner of the vessel. He could not take the ground that a verdict had been recovered against Mm by the present plaintiff, wrongfully. The very basis of a suit, to be brought by Mm for contribution, must be, that he was part owner. Upon any other principle, he would be remediless. The recovery, in this 'case, would be evidence of the amount he was compelled to pay.”
In 2 Dessausure, S. C. 4 and 5, it was held that one partner was not a competent witness to prove the defendant a partner because he was interested to fix his liability.
Purveance v. Dryden, 3 Serg. and Rawle, 406 and 407, is similiar in principle. In the opinion reversing a judgment, for error in admitting such testimony, Tilghman, C. J., says : “ The effect of the witness’ evidence was to take half the burden off his own shoulders, and throw it on the defendant’s.- Tracing the consequences of his testimony to their final results, he gets rid of half the debt, to the whole of which he would otherwise be liable.”
Gibson, Judge, in the same case: “ It is true, the defendant might have an action against the witness for a contribution, in which the record of the recovery in this suit would be conclusive ; but still the witness would be a gainer, and the defendant a loser, of one-half of the sum recovered by the present plaintiff.”
To the same effect is Ripley v. Thompson and others, 12 Moore, 55, determined in the Common Bench, in 1826. Gray, a partner, was offered and rejected. Lord, C. J., Best says : “ Prima facie, Gray was the principal — the contract was with him; and if he were allowed to prove that others were jointly liable with Mm, Ms evidence would tend to exonerate himself from paying three-fourths of the debt. Parker and Barrough, justices, concurred ; and Gasellee, Judge, said : “ I am of the same opinion. In Brown v. Brown, 4 Taunt. 752, in an action against two, on a joint contract, it was held that one who had suffered judgment by default, was not admissible, as a witness ^against the other, to prove that he joined in the contract; be- [279 *280 cause, if the plaintiff succeeded in the action, the witness would obtain, by his own testimony, contribution against the other.”
It is difficult to reconcile the English decisions with each other. It would seem that Lockhart v. Graham, and York v. Blott, are inconsistent with the later decisions referred to. This state of the authorities will, at least, show that the question before us is not devoid of interest. The doctrine, that in a suit for contribution, the record of recovery against the plaintiff is, as to certain facts, conclusive, seems to be established. It fixes him, so far as the question of his original liability is concerned; for that is a point upon which he has had his day in court. Unless, then, it be true that Thrailkill’s executrix may recover over against the witness, Marshall, the whole debt recovered in this suit by the plaintiff, the witness, Marshal, was not disinterested. What is to distinguish this case from those cited from New York, Pennsylvania, and South Carolina, and from Moore ? In those cases, the witnesses were severally partners with the defendants. As to this contract, Thrailkill and Marshall were, upon the hypothesis of plaintiff, partners, also ; that was the point to be proved. The very question in issue was, were they joint contractors ? There was no doubt that the witness himself was liable, in any event, to the plaintiff for the full amount of his claim. So, in the cases cited, were the witnesses, who were held incompetent, liable to the plaintiff for the whole demands. Let us assume the facts of this case to be as we would be bound to find them, without the testimony of the witness, Marshall. The note was executed by himself, and bound him. Thrailkill’s name and mark were attached wrongfully to the note, and did not bind him; it was, therefore, the debt of Marshall, only. Suppose it paid by Thrailkill. Before he could recover the money of Marshall, the witness, it would be incumbent upon him to show that the payment was made at Marshall’s instance and request; for no man can make another his debtor against his will. The law raises no implied promise on such a state 280] of *facts. Now, in the supposed case, the record itself would be the best evidence of which the ease would admit, to show a payment by Thrailkill to plaintiff for the use of Marshall; but when introduced, it would not show that the whole payment was made for Marshall’s use. On the contrary, it would be, as to him, conclusive evidence that a part of it was made on his own account; and, at most, would only entitle him to a contribution. Gould he get along without the record ? Not well. Lay it out of view, and he must still prove that the payment was made at the request of Marshall, express or im *281 plied ; and the ease still stands no better for him. The only act of Marshall, upon which an implied request of payment for his own use could he raised, is the very evidence given on the trial; and that, if used at all, must be taken entire, and, like the record itself, would show that but half of the demand was paid for Marshall’s use. So, take the matter any way, manage it the best way he can, and the witness, Marshall, will have the benefit of his own oath, in transferring one-ha’f of his own debt from his own shoulders on those of another. The result is inevitable ; one, at least, from which we can see no way of escape. The witness was, therefore, interested and incompetent.
Judgment, nonsuit.
Lane, C. J. dissented.