By the Court.
Duer, J.
Although the verdict in thisuase between the parties may be perfectly just, yet the law imposes upon us the necessity of setting it aside. We are satisfied that the defendant Lynch was improperly admitted as a witness on the part of the plaintiffs. We have found no escape from the conclusion, that he was directly interested in their favor. We do not say that there was not sufficient evidence to charge the defendant Husson as a partner without the testimony of Lynch, but it was upon his testimony that the judge laid the stress of his charge, and the jury, it is probable, founded their verdict. Had his testimony been rejected, we have no right to say that the same verdict would have been given.
The right of the plaintiffs to examine Lynch was placed at the trial and argument, upon the provisions of the act of December 14th, 1847, (Laws of 1847, p. 630,) which declare that “ any party in any civil suit, &c., may require any adverse party, whether complainant, plaintiff, petitioner, or defendant, or any one of the adverse parties, to give testimony under oath in such suit or proceedings, in the same manner as persons not parties to such suit or proceedings, and who are competent witnesses therein.” We attach no weight to the objection that Lynch, by suffering a default before he was examined, had ceased to be an adverse party within the meaning of the statute. The statute evidently contemplates that the plaintiffs and defendants in the suit are in all cases adverse parties, and it would be unreasonable to give to it any other construction. We do not doubt that the intention of the Legislature was to supersede the rule of the common law, which excludes the testimony of parties in all the cases to which it applies, and it applies just as certainly to a defendant who has suffered a default, as to a defendant who has pleaded. We add, that it does not appear from the case that Lynch objected to being examined, and in England the law is fully settled, that the consent of the party who is *118 called as a witness, if lie is otherwise competent, is alone sufficient to render him admissible. (King v. Inhabitants of Woburn, 10 East. 395; Worrall v. Jones, 7 Bing. 395.) But we are not prepared to say that such was considered or would have been held to have been the law in this state previous to the adoption of the statute.
The statute, however, furnishes no answer to the objection that Lynch had a direct interest in enabling the plaintiffs to obtain a judgment. The sole design of the act of 1847, and of the enactment in the code of procedure (Code, § 344) by which it has been superseded, is to remove the technical objection arising from the person who is called as a witness being a party to the record; but the person so called is not rendered a competent witness if otherwise disqualified. If not interested or otherwise incompetent, he may be admitted and compelled to testify, although he is a party to the suit. But he is not to be so admitted or compelled, merely on the ground that he is a party. The question of his competency must still be determined by the same rules that are applicable to other witnesses. The supreme court has recently given the same construction to the statute and to the code in the case of Pillow and wife v. Bushnell and others, (4 How. Pr. R. 9,) in which it was held that a wife, a co-plaintiff on the record' with her husband, had been improperly admitted as a witness on the part of the defendants. Indeed, this reasonable and almost necessary limitation of the general terms of the law, it seems to us, is very plainly implied in the language which is used both in the act of 1847 and the code. By the first, parties to the suit are to testify in the same manner as persons not parties who are competent witnesses, and by the second, they are to be subject to the same rules of examination as other witnesses.
In denying the competency of Lynch in the present case, we do not proceed on the ground that, as a partner, he was interested to prove a joint liability in the defendant Husson. It is true that this broad rule of exclusion, denying upon the ground of interest, the competency of partners and part owners to prove a defendant to be jointly liable with themselves, was adopted by the supreme court more than thirty years since, in Marquand *119 v. Webb, (16 John. 89,) and in a much more recent case, notwithstanding the dissent of Mr. J. Cowen, .and the doubts of Mr. J. Bronson, has. been adhered to by- the same court, (Pierce v. Kearney, 5 Hill, 82.) But admitting the doctrine, (although contradicted by the English decisions, and, as. we thiuk, Mr. J. Oowen has proved, the principle by analogy,).to. be the established law of this state, we doubt exceedingly whether it embraces the case where the partner who is called as a witness is himself a defendant in the suit. The apparent immediate interest of every defendant is against the.plaintiff, not in,his favor. His apparent interest is to prevent a judgment being obtained against himself, and his interest, in this respect is not changed by the fact that he has suffered a default,, since where, he is sued with another upon joint promises, the joint liability mus.t be established before a final judgment upon his default can be entered. It has indeed been held by the court of common pleas in England, in the cases of Brown v. Brown, (4 Taunton, 752,) and Maint v. Mainwaring, (8 Taunton, 1891,) that a co-partner who had suffered a default was not an admissible witness for the plaintiff. But we have the authority of Lord Tenterden .for saying, that this exclusion was no.t upon the ground of interest, but was founded upon the general rule that a party to the record cannot be examined, (Blackett v. Wein, 8 Dowl. and,. Ryl. 45,) and the language.of the judges in Maint v. Mainwaring, clearly shows that the decision was also founded upon the supposition that the consent, not of the witness alone, but of all the parties to the suit, was necessary to remove the objection, In England, since the decision in Worral v. Jones, this.necessity.no longer exists, and with us it has been abolished by the act of 1847, and by the code.. Hence, had there been no other objection to the admissibility of Lynch than his own confession that he was a partner, we should not be prepared to say.that his testimony ought to be rejected. In Marquand v. Webb, and Pierce v. Kearney, the partner who was rejected was not a defendant in the.suit, and this circumstance creates an obvious, and, we'are inclined to think, a. material distinction.
.But tlie objection ;to. the competency .of-.Lynch does not rest *120 merely upon the fact that he was a partner of the defendant Husson. It appears from the case, that he had given his own note to the plaintiffs for much the larger portion of the debt which they now seek to recover. A judgment in the present suit will extinguish his separate individual liability on the note, and will establish that in the result he can only be liable for a proportionate share of the entire debt. The note will be merged in the judgment. It is, therefore, we think, a necessary consequence that he had a greater interest in assisting the plaintiffs to obtain a judgment than to defeat their recovery.
Whether, under the provisions of the code, he is or can be . made a competent witness, is a question upon which we express no opinion. But the verdict founded upon his testimony when incompetent, must be set aside.
A new trial is granted, with costs to abide the event.