ROBERT SHERMAN v. OTIS H. KELTON & Co.

In a suit against two as co-partners of a certain firm, the testimony of the person who contracted the debt for which the suit is brought, and who testifies that it was contracted by him as a third co-partner of the same firm, is not admissible to charge the defendants.

ASSUMPSIT for the price of a horse against "William H. Bennett and Otis H. Kelton, late co-partners, under the

firm of Otis H. Kelton & Co." Plea, non assumpsit. At the trial, before GREENE, C. J., the plaintiff produced the deposition of one Uriah Wilkins, who testified that in May, 1851, he and the defendants were co-partners in business, under the name of Otis H. Kelton & Co., and that in the course of the co-partnership business he received the horse from the plaintiff for sale, and sold the same in New York, and remitted the proceeds to Otis H. Kelton & Co. to the account of the plaintiff. The counsel for the defendants objected to the admission of the deposition, on the ground that the deponent was interested in the event of the suit, but the objection was overruled, and the deposition allowed to pass to the jury. After verdict for the plaintiff, the defendants moved for a new trial upon exceptions to this ruling of the Court.

*Potter* and *Hayes*, for the plaintiff, contended, that the witness was inadmissible, because the effect of his testimony was to charge the defendants with a debt, for which he was primarily liable, and this objection was not answered by saying that the defendants had an action over against him, because, in the first place, the judgment in this suit exonerated him from all liability to the plaintiff, and, in the second place, did not furnish the basis of a suit against him for contribution, inasmuch as it did not establish a co-partnership between him and the defendants, he not having been joined in the action, but that the defendants were alone the co-partnership; and could not be the ground of an action against him for the whole amount, because it established their liability, and thereby excluded the liability of the witness, and, if not evidence in his favor, it yet precluded the defendants from recovery, because they would be obliged to base their claim upon a

record by which their own liability was established. *Brown* v. *Brown et al.* (4 Taunt. 752.) *Marquand* v. *Webb et al.* (16 Johns. 89.) *State* v. *Penniman,* (2 Dessaus. 123.) *Purviance* v. *Dryden,* (3 S. & R. 402.) *Latham* v. *Kenniston,* (13 N. H. 203; 1 Greenl. Ev. § 395.)

*Carpenter* and *Weeden,* for the defendant, contended, that the testimony was admissible, because the verdict, in this action, would not conclude the defendants in an action by them to recover the whole amount from the witness, and in such an action he would be obliged to prove the partnership by other evidence than his own, and so was not interested in the event of this suit, either as exonerating him from liability, or as evidence in his favor. *Blacket* v. *Weir,* (11 Serg. & Lowber, 257; 5 Barn. & Cress. 384.)

GREENE, C. J. delivered the opinion of the Court. The cause assigned for a new trial is the admission of Wilkins as a witness to prove a co-partnership between himself and the defendants, in relation to the debt for which the suit is brought, and the charge of the Court, that such testimony was competent for such purpose. This ruling of the Court was *pro forma.*

The defendants contend, the witness had a direct interest in the event of the suit, because the effect of his testimony was to throw upon the defendants a debt for which he was primarily liable.

It is not denied that the witness, so far as the present suit is concerned, is directly interested in the way stated; but the plaintiff's counsel contend, this interest is balanced in the following manner. They say the defend-

ants, in a subsequent suit by them against the witness, may disprove the partnership, and thus recover of the witness the whole amount they may be adjudged to pay in the present suit.

The English cases upon this question are conflicting, but the American cases are conclusive against the competency of a witness under such circumstances.

In *Marquand* v. *Webb*, (16 Johns. 93,) the question was, whether the defendant was part owner of a vessel, and thus liable for repairs ; another part owner, offered as a witness to prove the fact, was rejected, as interested. SPENCER, C. J., who delivered the opinion of the Court, said : " It is true the witness was liable to contribution, but the defendant could never controvert afterwards with the witness, in case he sued him for contribution, that he was not a part owner of the vessel. He could not take the ground that the present verdict was recovered against him wrongfully. The very basis of a suit to be brought by him for contribution must be that he was a part owner."

In *Purviance* v. *Dryden*, (3 Serg. & R. 402,) the witness, Samuel Dryden, Jr., was offered to prove that the money for which the suit was brought, was received by him on account of the partnership and paid over to his partner, Purviance, who paid it away for debts of his own, contracted before the partnership. He was objected to, as interested in the event of the suit. TILGHMAN, C. J. said, " The defendant's argument is, that Samuel Dryden, Jr., being originally chargeable for the whole amount of money borrowed of his father, is interested in the recovery, because he thereby throws half the debt on the defendant. The argument is strong, and I think has not been answered." GIBSON, J. said, in the same case, " It

is true the defendant might have an action against the witness for contribution, in which the record of the recovery in this suit would be conclusive, but still the witness would be a gainer and the defendant a loser of one half of the sum recovered by the present plaintiff."

In *Latham* v. *Kenniston*, (13 N. H. 201,) the English and American cases are elaborately reviewed and commented on. That case was assumpsit, on several promissory notes and orders, signed Colby & Kenniston. The signatures to the notes and orders were in the handwriting of Colby. The writ was not served on Colby, and the plaintiff offered his deposition to prove that he signed the name of the firm, as a partner of Kenniston, for the benefit of the firm. The deposition was rejected, on the ground of interest in the witness.

These cases go upon the ground, that the interest of the witness is to the extent of the difference between the whole debt, for which he is primarily liable, and the share which he would be liable to pay to the defendants in consequence of the recovery in the first suit. They are equally decisive as authority upon the present question, whether the verdict in the first suit is considered as conclusive in the second, as was held in *Marquand* v. *Webb*, and in *Purviance* v. *Dryden*, or as only *prima facie* evidence, as was held in *Latham* v. *Kenniston*.

In the two cases last named, the name of the witness was inserted in the writ, as a party defendant, but no service was made on him. In such a case the co-partnership of the defendant and the witness would be affirmed by the verdict. But in the present case, the witness not being named in the writ or declaration, there is nothing on the record to show any liability on his part to the defendants. If the defendants, therefore, should seek to

recover of him for money paid on the judgment in the present suit, they can only connect him with it by his deposition, swearing to the partnership. This deposition, if the defendants use it, they must take to be true, and thus their claim would be limited to contribution, and would not cover the whole sum.

The present case, therefore, we think, comes clearly within the principle of the cases cited.

But we think the question is susceptible of another view, equally fatal to the competency of the witness. Suppose, in the subsequent suit, the question of partnership or no partnership was entirely an open question of fact, unaffected by the evidence or proceedings of the first suit, and, if found not to exist, the defendants could recover the whole sum of the witness. The witness would not then stand indifferent. The rule, in relation to a balance of interest, requires that the interest which balances should not only be equal in amount, but as direct and certain as the interest which is balanced. As, in an action by the endorsee of a note against the endorser, the maker is a competent witness for the plaintiff; for if the plaintiff prevails, the witness will be liable to pay the note to the defendant, and if the defendant prevails, the witness will be liable to the same extent to the plaintiff. Here the liability over is certain, and equally certain, whether the verdict be for plaintiff or defendant. So, if, in the present case, the liability of the witness to pay the same debt to the defendants was certain, his interest would be balanced. But such liability cannot exist, except on the assumption, that what the witness is offered to prove in this suit, will be proved to be false in the next, and this assumption is to be made in favor of the party who offers the witness. Such a liability is little

more than a possibility, and being inconsistent with the fact, which the witness is offered to prove, we think is insufficient to balance the certain and direct interest, which the witness has to throw upon the shoulders of the defendants the debt for which he is primarily liable.

*Verdict to be set aside, and new trial granted.*